IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY DEAN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-66-DRH-DGW |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Discovery filed by Plaintiff on May 6, 2016 (Doc. 34) and the Motion to Withdraw as Attorney filed by Plaintiff on June 10, 2016 (Doc. 37).

The Motion for Discovery is hereby **DENIED**. The discovery deadline in this matter was April 8, 2016. Pursuant to the Order Regarding Discovery, any discovery disputes should be resolved informally, prior to the filing of written motions (Doc. 24). No such informal discovery dispute conference was requested prior to the filing of this motion. Even if Plaintiff had requested an informal discovery dispute conference, the deadline still would not have been extended.

Plaintiff states that in order to fully prepare for trial, he must depose seven of Defendants' employees. He offers no reason, however, why these depositions were not schedule prior to the discovery deadline. Plaintiff also states that he requires records from a May 7, 2015 disciplinary investigation by Defendant. However, he has likewise offered no reason why such records were not sought prior to the discovery deadline. Finally, he indicates that he requires more time to conduct expert discovery because Plaintiff is only "now in a position to be evaluated for purposes of assessing his vocational capacity and earning loss." Again, Plaintiff does not explain how his

medical condition (and perhaps on-going treatment) would affect the timing of a vocational expert's assessment of future earnings or employability. Such an assessment could have been made by the deadline and could have been supplemented had Plaintiff's on-going medical condition resulted in a different conclusion. The dearth of any information as to why such discovery was not conducted within the deadline indicates that Plaintiff has neither good cause for an extension nor excusable neglect for failing to abide by the deadline. *See* FED.R.CIV.P. 6(b) and 16(b)(4).

The Motion to Withdraw as Attorney is **DENIED WITHOUT PREJUDICE**. Local Rule 83.1(g) governs the process for withdrawing as an attorney of record when such a withdrawal would render a party *pro se*. Attorney Kenneth Leeds withdrawal from this matter would result in Plaintiff, Larry Dean Miller, proceeding *pro se*. Mr. Leeds has not complied with the Local Rule in a number of ways: He has not indicated Plaintiff's last known address and he has not indicated compliance with the notice requirements in Local Rule 83.1(g)(2). In addition to the foregoing, counsel has not made any statement as to the delay that would be occasioned by his withdrawal at this stage of the litigation – after a summary judgment motion has been filed and only 2 months prior to trial.

**IT IS SO ORDERED.**

**DATED: June 13, 2016**

          **DONALD G. WILKERSON**
          United States Magistrate Judge